OPINION
{¶ 1} Plaintiff-appellant, Eva Drake, appeals the decision of the Butler County Common Pleas Court, Domestic Relations Division, settling property division in a divorce action. We affirm with modification.
 {¶ 2} Appellant filed for divorce on November 24, 1998 after seven years of marriage to defendant-appellee, Danny Drake. One child was born issue of the marriage. During the marriage, appellee was self-employed at Drake Excavating, a sole proprietorship. Appellant assisted appellee by acting as office manager at Drake Excavating. The trial court issued a temporary order, which ordered appellee to pay credit card debts, home mortgage payments, health insurance and various other personal debts in lieu of spousal support during the divorce proceeding.
 {¶ 3} A hearing on the contested divorce was held on August 23, 2000. For purposes of valuing marital property, the trial court found that the marriage terminated, de facto, on December 31, 1998. The trial court entered a judgment entry and decree of divorce on September 21, 2001. The trial court made a division of marital property, including debts and assets associated with Drake Excavating and the marital house. Appellant appeals the decision of the trial court, and presents three assignments of error.
Assignment of Error No. 1
 {¶ 4} "THE COURT ERRED IN ASSIGNING DEBT AS OF AUGUST 20, 2000, DESPITE FINDING THAT THE MARRIAGE TERMINATED ON DECEMBER 31, 1998."
 {¶ 5} Appellant maintains that the de facto termination date of the marriage, December 31, 1998, should be used to value all of the parties' assets and liabilities. Therefore, appellant argues that the trial court erred in valuing the nonbusiness debts by utilizing the balance due as of August 21, 2000.
 {¶ 6} The trial court is vested with broad discretion in establishing an equitable division of marital property. Donovan v.Donovan (1996), 110 Ohio App.3d 615, 620. "Appellate courts should not review discrete aspects of the property division out of context of the entire award." Baker v. Baker (1992), 83 Ohio App.3d 700, 701-02. Instead, a court should consider whether the trial court's disposition of marital property as a whole results in an inequitable property division. Id. A reviewing court may modify a property division only if it finds that the trial court abused its discretion in dividing the property.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1993), 5 Ohio St.3d 217, 218-219.
 {¶ 7} In this case, appellant offered into evidence the document upon which the court relied when determining the value of various credit card and nonbusiness related debts of the parties. When offering the document into evidence, appellant's counsel stated, "[a]nd these debts are going to be some (inaudible) dated, Your Honor, I'm going to have her testify as to balances as of 8/21/2000." During the trial, the trial court learned that some of the department store credit cards were likely used in the business. The court asked for valuations of those debts as of December 31, 1998.
 {¶ 8} The trial court does not abuse its discretion when it uses the dates and values provided by the parties when determining the value of the property. White v. White (Feb. 18, 1998), Summit App. No. 18275. Appellant proffered the document listing the debts as of August 21, 2000. Accordingly, it was not error for the trial court to rely upon documents submitted by appellant as to the value of this marital debt when determining its final distribution. The first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 9} "THE COURT ERRED IN VALUING THE MARITAL EXCAVATING BUSINESS, AND THAT VALUE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} In this assignment of error, appellant does not question the methodology that the trial court used when determining the value of Drake Excavating. Appellant instead argues that the trial court mistakenly included four items when making its determination of Drake Excavating's value.
 {¶ 11} As stated earlier, the trial court is vested with broad discretion in fashioning an equitable division of marital property.Donovan, 110 Ohio App.3d at 620. Further, the trial court has broad discretion to determine the value of marital property. Id. (Emphasis added.)
 {¶ 12} Appellant maintains that two loans, the Reed and Schench loans, and two debts, Spectra Vision[1] and State Bureau of Worker's Compensation, were erroneously included in the trial court's computation of the value of Drake Excavating.
 {¶ 13} The trial court deducted $10,000 from the value of the business when taking the Reed loan into account. Appellant maintains that on the termination date of the marriage, only $5,000 was left outstanding on the loan. The business evaluator whom appellee hired found in her report that there was a loan for $10,000 to the Reeds as of December 31, 1998. Testimony from both appellee and appellant vary on the amount due on the loan. The Drake Excavating ledger and records list at least 19 different incidents of loans to or repayments of loans to the Reeds. In fact, the trial court noted in its decision that, "[e]vidence reveals there was no formal record keeping system for the business. The financial obligations of the business were not attended to in a fiscally responsible manner. * * * Both of the parties also failed to maintain business records in an adequate business manner."
 {¶ 14} Considering the conflicting testimony and poor record keeping, it was not unreasonable, arbitrary or capricious for the trial court to rely upon the business evaluator's report when determining the value of the Reed debt.
 {¶ 15} The trial court deducted $8,100 from the value of the business for the Spectra Vision debt. Appellant argues that the amount owed is only $3,200, the amount listed in a judgment against appellee. She further argues that there was no evidence presented that Spectra Vision continued to conduct business with Drake Excavating on credit. The business evaluation conducted by appellee's business evaluator lists the amount owed as $8,100. Appellant submitted documents to the trial court that listed a debt to Spectra Vision as $7,500, and paid in full as of February 5, 1999.
 {¶ 16} Again, considering the conflicting testimony and poor record keeping, it was not unreasonable, arbitrary or capricious for the trial court to rely upon the business evaluator's report when determining the value of the Spectra Vision debt.
 {¶ 17} Appellant next maintains that the trial court erred by considering the Ohio Bureau of Worker's Compensation debt for $5,817.44, arguing that it has already been satisfied. Appellant submitted a complaint for foreclosure document to the trial court which lists appellee and appellant as having a judgment lien against them in the amount of $5,587.44. However, appellant submitted no evidence to prove that this judgment lien has been paid. Appellant has asserted in her brief that the Butler County Clerk of Courts' judgment records web site shows that this debt has been paid. However, pursuant to App.R. 9(A), this court may only consider those documents and exhibits filed in the trial court.
 {¶ 18} The record before us contains no evidence indicating that the debt has been paid. We do note, however, that there is a discrepancy in the amount of $230. While the trial court reflects $5,817.44 in its valuation calculation, the amount of the debt as reflected by the foreclosure document is actually $5,587.44.
 {¶ 19} Accordingly, the decision of the trial court should be modified by $230 to reflect the accurate amount.
 {¶ 20} Appellant further asserts that the $5,000 Schench loan should not have been included in the valuation of the business. She maintains that the loan was made in 2000, after the December 31, 1998 valuation date.
 {¶ 21} The business evaluator listed this loan in her report on Drake Excavating. The evaluation report includes a document signed by Schench indicating that in 1998 he loaned Drake Excavating $5,000, and he was repaid in 1999. Appellant has provided no evidence to refute that the loan was not in existence as of the valuation date.
 {¶ 22} Considering the evidence presented at trial, it was not unreasonable, arbitrary or capricious for the trial court to rely upon the business evaluator's report and include the Schench loan when determining the value of Drake Excavating.
 {¶ 23} Finally appellant argues that the trial court's valuation was against the manifest weight of the evidence. Appellant's argument does not address manifest weight of the evidence or cite to any supporting legal authority.
 {¶ 24} App.R. 16(A)(7) requires appellant's brief to contain contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.
 {¶ 25} Pursuant to App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief as required under App.R. 16(A)." See State v. Watson (1998),126 Ohio App.3d 316, 321.
 {¶ 26} Appellant's brief fails to meet these requirements with regard to the weight of the evidence argument. Appellant's reference to weight of the evidence appears to be the result of legal imprecision rather than the desire to raise a specific legal argument. Accordingly, the court need not consider it.
 {¶ 27} The assignment of error is overruled. The trial court's valuation of the business is affirmed as modified.
Assignment of Error No. 3
 {¶ 28} "THE COURT ERRED BY NOT ASSIGNING ANY INTEREST VALUE TO APPELLEE'S SHARE OF THE MARITAL HOME. IN THE ALTERNATIVE, THE COURT ERRED IN AWARDING INTEREST TO THE APPELLEE THAT ACCRUED AFTER THE COURT'S VALUATION DATE."
 {¶ 29} Appellant maintains that the trial court erred by allowing appellee two years in which to pay appellant her share of the marital equity in the home and business, without ordering him to pay interest.
 {¶ 30} A trial judge is not obligated to affix interest to monetary obligations, which arise out of a property division upon divorce. Koegel v. Koegel (1982), 69 Ohio St.2d 355, 357. Obligating a trial judge to affix interest would, "impose an unnecessary restraint on a trial judge's flexibility to determine what is equitable in a special set of circumstances." Id.
 {¶ 31} In the case sub judice, the trial court noted in its decision that appellee's "marital equity is not a liquid asset." In the trial court's decision on appellant's motion for reconsideration, the court stated, "the Court purposely awarded Mr. Drake a two year period to refinance the marital residence as a result of all the marital debt and debt associated with the business the Court ordered Mr. Drake to pay. The business evaluator testified that it would take Mr. Drake one and one-half years to get Drake Excavating out from underneath the almost insurmountable debt accrued. The Court determined at final hearing the parties were equally responsible for accruing all the business and marital debt. Therefore, the Court found it only equitable both parties to equally share in the burden of time in undoing the wrongdoing."
 {¶ 32} The trial court determined that both parties were responsible for the debt. As such, the trial court did not abuse its discretion by failing to award appellant interest on her portion of the property division. The third assignment of error is overruled.
Judgment affirmed as modified.
YOUNG and VALEN, JJ., concur.
[1] Although all parties refer to this debt as Spectra Vision, the Company's name is actually Spectra Physics.